J-S39024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS ANGEL COLON-VASQUEZ, | |
| Appellant | No. 1362 MDA 2015 |

Appeal from the Judgment of Sentence March 23, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0004118-2014

BEFORE:  STABILE, J., PLATT, J.[*], and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 17, 2016**

Appellant, Luis Angel Colon-Vasquez, appeals from the judgment of sentence imposed on March 23, 2015, following his jury conviction of unlawful delivery of a controlled substance[1] and unlawful possession of drug paraphernalia.[2]  On appeal, Appellant claims that the verdict was against the weight of the evidence and challenges the discretionary aspects of sentence.  For the reasons discussed below, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(32).

We take the underlying facts and procedural history in this matter from the January 12 and 13, 2015 notes of testimony from the jury trial and our independent review of the certified record.

On April 1, 2014, Wilfredo Quiles, a confidential informant working with the Harrisburg Bureau of Police, purchased fourteen bags of heroin from Appellant. (*See* N.T. Trial, 1/12-13/15, at 101-03). Harrisburg Bureau of Police Detective, Donald Heffner, an experienced narcotics detective, supervised the operation. (*See id.* at 18-19, 33-34).

At trial, Detective Heffner testified that he supervised the call between Quiles and Appellant and that Quiles arranged for the meeting to take place at Murry's Market at 17th and Paxton Streets in Harrisburg. (*See id.* at 30-31). Appellant agreed to sell Quiles a bundle of heroin for $80.00. (*See id.* at 32). Immediately prior to the meeting, Detective Heffner searched Quiles to ensure that he was not in possession of any money, drugs, weapons, or paraphernalia. (*See id.* at 33-34). Detective Heffner gave Quiles $80.00 for purchase of the drugs; the police photographed the money prior to giving it to Quiles. (*See id.* at 32).

After Quiles set up the buy, the police arranged a multi-car surveillance of the area using video equipment to record the transaction. (*See id.* at 31). In total, four police officers observed the transaction. (*See id.*). Detective Heffner, accompanied by another officer, drove Quiles to the

meeting place, making certain to park in a location where they could see him throughout the meeting. (*See id.* at 33).

Quiles exited the car at approximately 4:15 p.m., all team members had a detailed description of Quiles and knew when he exited the car. (*See id.* at 31, 33). Approximately ten minutes later, Appellant arrived; Quiles approached him and the police observed a hand-to-hand transaction. (*See id.* at 31-34). Quiles then walked directly back to Detective Heffner's vehicle and gave him fourteen bags of heroin packaged in a bundle. (*See id.* at 35). Detective Heffner then searched Quiles to make sure that he had not taken any drugs or money, which he had not. (*See id.* at 40-41). At trial, the parties stipulated that the retrieved substance was heroin. (*See id.* at 38-41).

On January 13, 2015, the jury convicted Appellant of all charges. On March 23, 2015, the trial court sentenced Appellant to an aggregate term of incarceration of not less than thirty-three nor more than seventy-two months. On March 30, 2015, Appellant filed a timely post-sentence motion, which the trial court denied on July 7, 2015. The instant, timely appeal followed. On August 19, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On September 9, 2015, Appellant filed a timely Rule 1925(b) statement. The trial court did not issue an opinion pursuant to Rule 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where Appellant's convictions were against the weight of the evidence so as to shock one's sense of justice as Appellant was never shown to have committed the crimes alleged?

2. Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where Appellant's sentence is excessive and unreasonable in light of the alleged gravity of the offense, Appellant's rehabilitative needs, and what is needed to protect the public?

(Appellant's Brief, at 6) (underlining omitted).

In his first issue, Appellant challenges the weight of the evidence,[3] claiming that the Commonwealth did not show him to have possessed the drugs, because the testimony of the confidential informant, Wilfredo Quiles was "patently unreliable." (Appellant's Brief, at 17; **see id.** at 15-18). We disagree.

Our scope and standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so

_____

[3] Appellant properly preserved his weight of the evidence claim in a post-sentence motion. (**See** [Appellant's] Post-Sentence Motion, 3/30/15, at unnumbered pages 2-3).

contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and internal quotation marks omitted). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-80 (Pa. 2008), *cert. denied*, 556 U.S. 1106 (2009) (citation omitted).

Here, the trial court rejected Appellant's weight of the evidence claim, stating that, after a review of the record, he could not find that Quiles' testimony was "patently unbelievable." (Trial Court Opinion, 7/07/15, at 3). We agree. The record reflects that the jury chose to credit the testimony of Quiles and the police and rejected the defense's theory of the case. The jury, sitting as finder of fact, was free to believe the Commonwealth's witnesses and to disbelieve the defense. *See Commonwealth v. Griscavage*, 517 A.2d 1256, 1259 (Pa. 1986). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part,

- 5 -

or none of a witness's testimony." ***Commonwealth v. Lee***, 956 A.2d 1024, 1029 (Pa. Super. 2008), *appeal denied*, 964 A.2d 894 (Pa. 2009) (citation omitted). Thus, Appellant's weight of the evidence claim is without merit.

In his second claim, Appellant argues that his sentence was excessive and unreasonable because the Commonwealth and he disagreed about his prior record score and "it was unclear which prior record score the trial court was using when imposing sentence." (Appellant's Brief, at 20; ***see id.*** at 18-21). However, Appellant waived this claim.

Preliminarily, we note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and internal quotations marks omitted).

Here, while Appellant did file a post-sentence motion and mentioned that there was disagreement about the prior record score, the only issue he raised was that the sentence was excessive and unreasonable because the offense was not a crime of violence and there was no victim. (***See*** [Appellant's] Post-Sentence Motion, 3/30/15, at unnumbered page 2). It is settled that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; further, an appellant cannot raise an

issue for the first time on appeal.[4]  **See Commonwealth v. Mann**, 820 A.2d 788, 793-94 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); **see also** Pa.R.A.P. 302(a).  Thus, Appellant waived his discretionary aspects of sentence claim.[5]

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[4] We note that Appellant did not raise the issue regarding the failure to decide his prior record score in his Rule 1925(b) statement.  (**See** Statement of Errors Complained of Upon Appeal Pursuant to Pa.R.A.P. 1925(b), 9/09/15, at unnumbered page 1).  As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived.  **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).

[5] In any event, the claim is without merit.  While the trial court did not specify if it was sentencing Appellant as a five or as a RFEL, the sentence it imposed was a standard range sentence under either prior record score.  (**See** N.T. Sentencing, 5/23/15, at 18-19, 41-42).  The court had the benefit of a Pre-Sentence Investigation Report (PSI).  We have stated that when a trial court has a PSI and imposes a standard range sentence "Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2016